UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS VONTZ,

    Plaintiff,

v.                                        CASE NO. 2:19-cv-12584

SUZANNE ROCHOWIAK,       HON. GEORGE CARAM STEEH

    Defendant.
_____/

## ORDER DENYING PLAINITFF'S MOTIONS FOR APPOINTMENT OF COUNSEL [3], FOR AUDIO TRANSCRIPTS [4], AND FOR A STAY [8] AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE

On September 3, 2019, plaintiff Nicholas Vontz filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) On the same day, plaintiff filed an application to proceed without prepaying the fees or costs for this action, a motion for appointment of counsel, and a motion for audio transcripts. (ECF Nos. 2-4.)

Defendant Suzanne Rochowiak is a certified court reporter for a state-court judge in Michigan's 38th Judicial Circuit Court. Plaintiff alleges in his complaint that, following his conviction, defendant issued an edited and incomplete transcript of his state-court trial. Specifically, plaintiff alleges that defendant (1) failed to list an exhibit in the transcript of trial and on the exhibit log for his criminal case, (2) omitted defense counsel's objection to the exhibit, and (3) failed to transcribe an audiotape that was

played for the jury.  Plaintiff contends that defendant was required under the Michigan Court Rules to furnish him with an accurate transcript and that her failure to do so interfered with his right to appeal.  He seeks injunctive relief and money damages.  (ECF No. 1, PageID. 7-9.)

An initial problem with plaintiff's case was that he did not complete or sign his application to proceed without prepaying the fees or costs for this action.  (ECF No. 2.)  Accordingly, on September 6, 2019, the Court ordered plaintiff to pay the filing and administrative fees within thirty days or to file a proper application to proceed without prepaying the filing fee within thirty days.  (ECF No. 5.)

Plaintiff has not paid the fees or filed a completed application to proceed without prepaying the fees.  On October 30, 2019, however, plaintiff filed a motion to stay this stay.  (ECF No. 8.)  He alleges in the motion that, after filing his complaint, he discovered another remedy for his concerns.  He contends that the matter is currently under investigation by the Michigan Court Reporters Board of Review and that the Board of Review has ordered an independent review of his transcripts.  Plaintiff anticipates that the Board of Review will complete its investigation by January 2020 and that the independent review of transcripts will substantiate his claims.  Id., PageID. 67-68.

The Court is reluctant to grant plaintiff's request for a stay because (1) he still has not complied with the Court's deficiency order and (2) the statute of limitations for civil rights cases does not appear to pose a problem.[1]  Accordingly, the Court denies plaintiff's motion for a stay (ECF No. 8) and, instead, dismisses the complaint (ECF No. 1) without prejudice.

Plaintiff may move to re-open this case, if necessary, after the Board of Review completes its investigation.  But he will have to prepay the filing and administrative fees or submit a completed and updated application to proceed without prepaying the filing fee.  If the Court then re-opens the case, it will be subject to review under 28 U.S.C. §1915(e)(2), and it could be summarily dismissed at that time despite "any filing fee, or any portion thereof, that may have been paid."  Id.

The Court denies as moot plaintiff's motion for appointment of counsel (ECF No. 3) and his motion for audio transcripts (ECF No. 4).  This case is now closed.

Dated:  November 14, 2019

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

---

[1] Michigan's three-year statute of limitations for personal injury claims governs § 1983 actions when the cause of action arises in Michigan. McCune v. City of Grand Rapids, 842 F.2d 903, 905 (6th Cir. 1988) (citing Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir. 1986)).

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 14, 2019, by electronic and/or ordinary mail and also on Nicholas Vontz #380134, Ernest Brooks Correctional Facility, 2500 S. Sheridan Road, Muskegon, MI 49444.

s/Barbara Radke
Deputy Clerk